Sheri Thome, Esq.
Nevada Bar No. 008657
**WILSON, ELSER, MOSKOWITZ,**
**EDELMAN & DICKER LLP**
6689 Las Vegas Blvd. South, Suite 200
Las Vegas, NV  89119
Telephone: (702) 727-1400
Facsimile:  (702) 727-1401
sheri.thome@wilsonelser.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| FLECTAT2 LTD, a United Kingdom corporation,<br><br>Plaintiff,<br><br>v.<br><br>CANCUN, LLC, a Nevada Limited Liability Company; ERIKA AYALA AGUILAR, an individual,<br><br>Defendants. | CASE NO:<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Flectat2 LTD ("Flectat2"), by and through its undersigned counsel, for its Complaint for Declaratory Judgment, states as follows:

### THE PARTIES

1. Flectat2, the Plaintiff herein, is, and at all times relevant hereto was, a United Kingdom corporation incorporated under the laws of England and Wales, with its principal place of business in the United Kingdom.

2. Defendant Cancun, LLC is a Nevada Domestic Limited Liability Company with its principal office in Las Vegas, Nevada. On information and belief, the sole member and manager of Cancun, LLC, Ms. Erika Ayala Aguilar, is a Nevada resident.

3. Defendant Erika Ayala Aguilar is, and at all times relevant hereto was, an individual residing in the State of Nevada.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §

1

256778619v.1

1332, because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. Plaintiff Flectat2 is a United Kingdom corporation with its principal place of business in the United Kingdom. Cancun LLC is a Nevada limited liability company. Plaintiff is informed and believes and thereon alleges that Cancun's sole member and manager, Erika Ayala Aguilar, is a resident of the state of Nevada. With respect to the amount in controversy, this matter involves liability insurance coverage for at least ten lawsuits consolidated in Clark County District Court, in which the claimants assert that they incurred damages of over $1 million.

5. This Court has personal jurisdiction over all named defendants herein because each of them is either: (a) a citizen, or considered to be a citizen of, the State of Nevada or, (b) an entity that has purposefully availed itself of the protections of Nevada law.

6. An actual controversy exists between Plaintiff and all defendants and, therefore, this Court may declare the rights and other legal relations of the parties hereto pursuant to 28 U.S.C. § 2201(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events giving rise to Plaintiff's claims occurred in the District of Nevada.

## THE CONSOLIDATED LITIGATION

8. On December 21, 2019, a fire took place at the Alpine Motel Apartments, located at 213 N 9th Street, Las Vegas, Nevada. Six residents died in the fire. Multiple claimants have filed suit against the owner(s) of the Alpine Motel Apartments, entities alleged to be related to those owners, and various suppliers of fire protection equipment. More than 12 actions have been filed, which have been consolidated into the lead case, *Crawford et al v. Las Vegas Dragon Hotel, LLC*, Lead Case No. A-20-808100-C (hereinafter "the Consolidated Action").[1]

9. In the Consolidated Action, various plaintiffs are asserting claims against Cancun,

---

[1] Thus far, Plaintiff is informed and believes that the Consolidated Action includes the Lead Case referenced above, and at the least, the following cases asserted against Cancun and/or Ms. Ayala Aguilar: A-20-810951-C (Roberts); A-20-810949-C (Lombardo); A-20-814863-C (Aikens); A-20-816319-C (Kelly/Spangler); A-20-817072-C (Rucker); A-20-822652-C (Garcia); A-21-830321-C (Hall); A-21-830318-C (Odo); A-21-840517-C (Evgen); A-21-845156 (Maroney); and A-21-845654 (Duncan). There may be other cases that name Cancun and/or Ms. Ayala Aguilar, as well as other cases which do not name Cancun and/or Ms. Ayala Aguilar.

256778619v.1

LLC and Ayala (as well as others) which include alter ego, joint enterprise, common enterprise liability, single business enterprise and/or affiliate liability. Through these theories, the plaintiffs seek to hold Cancun, LLC, Ayala and others liable for the liabilities of Las Vegas Dragon Hotel, LLC dba Alpine Motel, the owner of the Alpine Motel and Apartments.

## **INSURANCE POLICY**

10. Plaintiff is the lead underwriter subscribing to the insurance policy designated as, Certificate Number RIB3000161-01, issued to Cancun, LLC for the policy period from March 29, 2019 to March 29, 2020, a copy of which is attached hereto as **Exhibit A** ("the Policy"). Plaintiff's interest in the Policy is 41.74%.

11. The Policy specifies limits of $1 million Each Occurrence with a $2 million Aggregate per Property Location.

12. The Declaration page of the Policy provides that "Coverages Apply at Each Location Where a Premium is Shown in the Attached Schedule of Locations and Coverages." **Exhibit A** at A-000004 et seq. A Property Schedule is included in the Policy. **Exhibit A** at A-000008. It lists ten property addresses, with each property's insured value, property premium, general liability premium, flood premium, and other information. The ten properties are as follows:

   2100 Sunrise Ave, Las Vegas, NV 89101
   2104 Sunrise Ave, Las Vegas, NV 89102
   625 N 11th St, Las Vegas, NV 89101
   610 N 11th St, Las Vegas, NV 89101
   1302 Stewart Ave, Las Vegas, NV 89101
   4604 E. Van Buren Ave, Las Vegas, NV 89110
   4608 E. Van Buren Ave, Las Vegas, NV 89110
   7078 Burcot Ave, Las Vegas, NV 89156
   4420 Shalimar Ave, Las Vegas, NV 89115
   1189 Balzar Ave, Las Vegas, NV 89106

13. None of the properties listed on the Property Schedule is the Alpine Motel Apartments. The address of the Alpine Motel Apartments is 213 N 9th Street, Las Vegas, Nevada.

14. The Policy provides, in relevant part:

/ / /

/ / /

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**SECTION 1—COVERAGES**

**COVERAGE A—Bodily Injury and Property Damage Liability**

1. **Insuring Agreement**

    a.  We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

    (1)  The amount we will pay for damages is limited as described in Section III – Limits Of Insurance; and
    (2)  Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements under Coverages A or B or medical expenses under Coverage C.

    No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages A and B.

    b.  This insurance applies to "bodily injury" and "property damage" only if:

    (1)  The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";
    (2)  The "bodily injury" or "property damage" occurs during the policy period; and
    (3)  Prior to the policy period, no insured listed under Paragraph 1. Of Section II – Who Is An Insured and no "employee" authorized by you to give or receive notice of an "occurrence" or claim, knew that the "bodily injury" or "property damage" had occurred, in whole or in part. If such a listed insured or authorized "employee" knew, prior to the policy period, that the "bodily injury" or "property damage" occurred, then any continuation, change or resumption of such "bodily injury" or "property damage" during or after the policy period will be deemed to have been known prior to the policy period.

\*\*\*

2. **Exclusions**

This insurance does not apply to:

a.  **Expected Or Intended Injury**

    "Bodily injury" or "property damage" expected or intended from the standpoint of the insured.  This exclusion does not apply to "bodily injury" resulting from the use of

4

reasonable force to protect persons or property.

15. The Policy includes an Additional Insured—Designated Person or Organization Endorsement, but there is no name of any additional insured included on the designated "Schedule", nor any shown in the Declarations.

16. The Policy includes the following Endorsement [**Exhibit A** at A-000091]:

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

**Schedule**

**Premises: OWNED PROPERTIES ONLY SCHEDULED AT POLICY INCEPTION**

**Project:  NOT APPLICABLE**

(If no entry appears above, information required to complete this endorsement will be shown in the Declarations as applicable to this endorsement.)

This insurance applies only to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

2. The project shown in the Schedule.

17. As described, *supra*, the Property Schedule does not include the address for the Alpine Motel and Apartments.

18. Cancun tendered the Consolidated Action, the defense of which was accepted under a reservation of rights. Cancun and Ms. Ayala Aguilar are being provided a defense under a reservation of rights. The reservation of rights expressly reserves the right to bring a declaratory relief action and to obtain reimbursement.

/ / /

/ / /

/ / /

/ / /

## COUNT I – DECLARATORY JUDGMENT
## THAT NO COVERAGE IS AFFORDED UNDER THE POLICY FOR THE CONSOLIDATED ACTION BECAUSE THE ALPINE MOTEL AND APARTMENTS IS NOT A SCHEDULED PROPERTY

19. Plaintiff repeats and re-alleges each and every allegation found within paragraphs 1 through 18 above, as if set forth fully herein.

20. The **LIMITATION OF COVERAGE TO DESIGNATED PREMISES OR PROJECT** endorsement, **Exhibit A** at A-000091, provides that coverage under the Commercial General Liability Coverage Part only applies to "bodily injury", "property damage", "personal and advertising injury" and medical expenses arising out of:

   1. The ownership, maintenance or use of the premises shown in the Schedule and operations necessary or incidental to those premises; or

   2. The project shown in the Schedule.

21. The Schedule attached to the Policy does not identify the address for the Alpine Motel and Apartments as a scheduled property. As a result, the Alpine Motel and Apartments is not a covered property under the Policy.

22. As the Alpine Motel and Apartments is not a covered property under the Policy, the Policy does not cover the claims asserted in the Consolidated Action, which all arise out of the fire that took place at the Alpine Motel and Apartments.

23. As Defendants cannot establish all of the conditions entitling them to coverage, this Court should grant a declaration that no coverage is afforded by the Policy for the Consolidated Action.

## COUNT II – DECLARATORY JUDGMENT
## THAT NO DUTY TO DEFEND EXISTS FOR THE CONSOLIDATED ACTION AND RIGHT TO SEEK REIMBURSEMENT

24. Plaintiff repeats and re-alleges each and every allegation found within paragraphs 1 through 23 above, as if set forth in full herein.

25. The Policy states, in relevant part, as to the duty to defend: "We will have the right

and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

26. If this Court determines that there is no coverage afforded for the Consolidated Action under Count I of this Complaint, Plaintiff seeks a declaration that there is no duty to defend Cancun, LLC and Erika Ayala Aguilar in the Consolidated Action.

27. If this Court determines that there is no duty to defend Cancun, LLC and Erika Ayala Aguilar in the Consolidated Action, Plaintiff seeks a declaration that it has the right to seek reimbursement of defense fees and costs advanced under *Nautilus Ins. Co. v. Access Med., LLC*, 482 P.3d 683 (2021).

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Adjudicate and determine the rights and obligations of the Parties hereto under the Policy in connection with the Consolidated Action;

B. Find and declare that the Policy does not provide coverage to Defendants for the claims made in the Consolidated Action;

C. Find and declare that there is no duty to defend Cancun, LLC and Erika Ayala Aguilar in the Consolidated Action;

D. If there is no duty to defend under the Policy, find and declare that Plaintiff has the right to seek reimbursement of defense fees and costs advanced;

E. For attorneys' fees incurred herein;

/ / /

/ / /

/ / /

/ / /

256778619v.1

F.  For costs of suit incurred herein; and

G.  For such other relief that this Court may deem equitable and just.

DATED this 30th day of June, 2022.

                    **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**

BY:  */s/ Sheri M. Thome*
      Sheri Thome, Esq.
      Nevada Bar No.  008657
      6689 Las Vegas Blvd. South, Suite 200
      Las Vegas, NV 89119
      Telephone: (702) 727-1400
      Facsimile: (702) 727-1401
      *Attorneys for Plaintiff*

256778619v.1